UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81069-CANNON/MCCABE

EMILIO SANTIAGO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon a *pro se* Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") (DE 1), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 17).  Movant, Emilio Santiago, attacks the sentence imposed following his guilty plea in Case No. 21-80026-CR-CANNON in the United States District Court for the Southern District of Florida.[1]  Movant argues he received ineffective assistance of counsel in violation of the Sixth Amendment because his defense counsel failed to challenge Movant's status as a "Career Offender" under U.S.S.G. § 4B1.1.  Specifically, Movant argues defense counsel should have raised the following two arguments, but failed to do so:

(1)     The offense to which Movant pled guilty, Count 1, was not a "controlled substance offense" and therefore not sufficient to trigger the Career Offender provisions of U.S.S.G. § 4B1.1.

(2)     Two of Movant's underlying state court convictions for cocaine-related offenses did not qualify as "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.1, making him ineligible for Career Offender status.

As set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

---

[1] This Report uses the citation "(CR-DE)" to reference docket entries in the underlying criminal case.  Citations to "(DE)" refer to docket entries in the instant federal habeas case.

I. **BACKGROUND**

The underlying facts and procedural history are not in dispute.

A. **Charges & Guilty Plea**

In 2021, a grand jury indicted Movant on several drug-related offenses (CR-DE 44). On August 6, 2021, Movant pled guilty pursuant to a written Plea Agreement, under which Movant agreed to plead guilty to Count 1, charging him with conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vi) (CR-DE 105 ¶ 1). In exchange, the government agreed to seek dismissal of the remining counts of the Indictment (CR-DE 105 ¶ 1). The government also agreed to make certain recommendations at sentencing, but the Court remained free to impose a term of up to life imprisonment as to Count 1 (CR-DE 105 ¶¶ 3, 6, 7). The Plea Agreement also contained a qualified appellate waiver by which Movant agreed to waive his right to appeal the sentence imposed unless it exceeded the maximum permitted by statute or resulted from an upward departure or variance from the sentencing guidelines range (CR-DE 105 ¶ 8).

United States Magistrate Judge Bruce Reinhart conducted the change-of-plea hearing and found that Movant made the decision to plead guilty plea to Count 1 freely, knowingly, and voluntarily (CR-DE 110; DE 8-1 at 27-28). Judge Reinhart also found that Movant made the decision to waive his appellate rights knowingly and voluntarily and with the advice of counsel (CR-DE 110; DE 8-1 at 19). Judge Reinhart therefore recommended that the District Court accept the plea (CR-DE 110). The District Court adopted that recommendation on September 1, 2021 (CR-DE 131).

C. **Sentencing**

Prior to sentencing, the government filed a Notice of Filing Certified Convictions for purposes of seeking Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 (CR-DE 163).

The notice included three prior convictions: (1) Movant's 2002 conviction in Florida state case number 02-13898-CF, sale of cocaine (CR-DE 163-1); (2) Movant's 2001 conviction in Florida state case number 01-6895-CF, sale of cocaine within 1,000 feet of a place of worship and sale of cocaine (CR-DE 163-2); and (3) Movant's 2010 conviction in Southern District of Florida, case number 10-cr-80098, possession with intent to distribute heroin (CR-DE 163-3).

Also prior to sentencing, defense counsel filed Objections and Motion for Downward Variance (CR-DE 150). Defense counsel made several objections to the Presentence Investigation Report ("PSR"), and argued for a variance, but did not challenge Movant's status as a Career Offender pursuant to U.S.S.G. § 4B1.1 (CR-DE 150). Likewise, defense counsel also filed a Sentencing Memorandum in support of a downward variance, but defense counsel conceded that Movant qualified as a Career Offender (CR-DE 167 ¶¶ 13-15).

The District Court conducted a sentencing hearing on October 22, 2021 (DE 173). At the outset of the hearing, the District Court confirmed that neither party had any further objections to the final PSR, which recommended an advisory guideline range of 262-327 months' imprisonment based on Movant's status as a Career Offender (DE 8-2 at 3-4). Defense counsel confirmed he had no further objections to the final PSR (DE 8-2 at 8-13). Defense counsel then requested a downward variance, arguing for a sentence no greater than 180 months' imprisonment (DE 8-2 at 8-13). The District Court agreed to a variance, but not as great as the one requested, and sentenced Movant to 240 months' imprisonment (DE 8-2 at 16-17). Movant did not appeal his sentence or conviction.

This Motion followed on July 21, 2022.[2]

---

[2] The Motion is timely. Movant was adjudicated guilty and sentenced on October 22, 2021 (CR-DE 174). Movant had to file an appeal within fourteen days of "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Since Movant did not appeal, his "judgment of conviction [became] final when the time for seeking that review expire[d]." *Murphy*

3

## II. ANALYSIS

Movant brings this action pursuant to 28 U.S.C § 2255(a), which allows persons in federal custody to move to vacate, set aside, or correct a sentence based on, among other grounds, "the ground that the sentence was imposed in violation of the Constitution." Movant argues his sentence violates the Constitution because he received ineffective assistance of counsel in violation of the Sixth Amendment, which the Supreme Court has recognized to be a cognizable basis for relief under 28 U.S.C § 2255(a). *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To show ineffective assistance of counsel, Movant must satisfy a two-part test: (1) he must show defense counsel's performance was deficient; and (2) he must show the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a claimant must show that counsel's performance fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 688. In making this determination, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, a claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Movant argues his defense counsel rendered ineffective assistance by failing to challenge Movant's status as a Career Offender under U.S.S.G. § 4B1.1. Specifically, Movant argues defense counsel should have raised the following two arguments, but failed to do so:

---

*v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Movant's conviction became final on November 5, 2021. Movant had to file his § 2255 Motion within one year after "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Here, the deadline for Movant to seek § 2255 relief was November 5, 2022. The instant Motion was filed on July 21, 2022 and is timely.

4

> (1) The offense to which Movant pled guilty, Count 1, was not a "controlled substance offense" and therefore not sufficient to trigger the Career Offender provisions of U.S.S.G. § 4B1.1.
>
> (2) Two of Movant's underlying state court convictions for cocaine-related offenses did not qualify as "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.1, making him ineligible for Career Offender status.

The Court will address each argument in turn.

### 1. Ground One – Conspiracy as a Triggering Offense

Movant first argues the offense to which he pled guilty, Count 1 of the Indictment, did not qualify as a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.1, and therefore could not trigger a Career Offender enhancement. Under U.S.S.G. § 4B1.1, a defendant becomes eligible for Career Offender status only if the defendant: (1) is at least 18 years old at the time of the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence *or controlled substance offense*; and (3) the defendant has at least two prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a) (emphasis added). The guidelines further define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Here, Movant pled guilty to Count 1 of the Indictment, which charged him with conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vi) (CR-DE 105 ¶ 1). As Movant points out, Count 1 charged a *conspiracy*, but not the substantive offense itself. Movant acknowledges that Application Note 1 to § 4B1.2 provides that the term "controlled substance offense" includes the offenses of "aiding and abetting, *conspiring*, and attempting to commit such offenses." (emphasis added). However, Movant

5

argues that Application Note 1 amounts to an illegal and improper amendment to the guidelines, which the District Court could not follow as a matter of law.  Movant argues his defense counsel rendered ineffective assistance by failing to object to Career Offender status and raise these arguments before the District Court.

The Court disagrees because the Eleventh Circuit has already addressed this issue and resolved it in a manner unfavorable to Movant.  Specifically, in *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995), the Eleventh Circuit rejected the same argument raised here, namely, that Application Note 1 amounts to an illegal or improper amendment to the guidelines.  The Eleventh Circuit reasoned:

> [Application Note 1] does not run afoul of the Constitution, or, as discussed above, a federal statute; nor is it inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2.  As a result, the commentary constitutes "a binding interpretation" of the term "controlled substance offense."

*Id.* (cleaned up); *see also United States v. Bass*, 838 F. App'x 477, 480-81 (11th Cir. 2020) (unpublished) (rejecting argument that Application Note 1 cannot broaden the definition of "controlled substance offense").

Based on these Eleventh Circuit holdings, the Court finds Movant cannot establish either prong of the *Strickland* test.  Defense counsel cannot be deemed deficient for failing to raise legal arguments foreclosed by binding caselaw.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to raise non-meritorious issues).  Likewise, Movant cannot show a reasonable probability that, had defense counsel raised these legal arguments, the result of the proceeding would have been different.  The Motion should be denied on ground one.

### 2. Ground Two – State Court Cocaine-Related Convictions

Movant next argues that his 2001 and 2002 state court convictions for cocaine-related offenses did not qualify as "controlled substance offenses" within the meaning of U.S.S.G. §

6

4B1.1, and, thus, should not have been used to qualify him for Career Offender status. In support, he points to a recent Eleventh Circuit case, *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson I*"). In *Jackson I*, the court addressed whether a pre-2017 Florida state court cocaine-related conviction could qualify as a "serious drug offense" for purposes of enhancement under the Armed Career Criminal Act ("ACCA"). *Id.* at 1294. To make this determination, the court employed the "categorical approach," which requires courts to analyze the individual elements of a state court offense, regardless of the underlying facts of the offense conduct. *Id.* at 1299. This approach required the court to analyze the legal elements of Jackson's prior state court offense and compare those elements to ACCA's definition of "serious drug offense." *Id.* at 1299.

In looking to the ACCA definition, the court noted that ACCA expressly incorporates the federal Controlled Substances Act ("CSA") and its numerous schedules of controlled substances. *Id.* at 1301 (citing 18 U.S.C. § 924(e)(2)(A)(ii)). The court further noted that, on September 11, 2015, the United States Attorney General removed ioflupane, a cocaine analogue, from the CSA schedule because ioflune had demonstrated a potential value in diagnosing Parkinson's Disease. *Id.* at 1301-02. "As a result, ioflupane [had] not been a federally 'controlled substance,' as defined in 21 U.S.C. § 802, since September 2015." *Id.* at 1303. The State of Florida later followed suit and removed ioflune from its own schedule of controlled substances on July 1, 2017. *Id.* at 1303 (citing 2017 Fla. Sess. Law Serv. Ch. 2017-110 (C.S.H.B. 505)).

The issue in *Jackson I* boiled down to timing. The court had to decide whether, in determining whether a state court drug conviction qualified as a "serious drug offense" under ACCA, courts should base their "categorical" comparison on (A) the federal CSA schedules as they existed at the time of the underlying state court conviction, or (B) the federal CSA schedules as they existed at the time of the immediate federal offense of conviction. *Id.* If the former, then Jackson's prior conviction would qualify for ACCA enhancement since he incurred it at a time

7

when the state and federal schedules matched one another. If the latter, then Jackson's prior conviction would *not* qualify since the state's schedule in place at the time of his prior conviction did not match the federal CSA schedule in place at the time of his new federal offense. *Id.* at 1298.

The *Jackson I* court concluded that due process required the latter approach. *Id.* at 1297 ("We hold that due-process fair-notice considerations require us to apply the version of the [CSA] Schedules in place when the defendant committed the [instant] offense for which he is being sentenced."). Because Jackson incurred his state court cocaine-related conviction prior to July 1, 2017, the court found the conviction did not qualify as a "serious drug offense" sufficient to support ACCA enhancement. *Id.* at 1306. The court therefore vacated Jackson's ACCA-enhanced sentence. *Id.* at 1306.

Movant argues that *Jackson I* applies, by analogy, to his own enhancement as a Career Offender under the guidelines. Just as *Jackson I* found that pre-2017 Florida state court cocaine-related convictions cannot be used to support ACCA enhancements under the categorical approach, so Movant argues his own pre-2017 state court cocaine-related convictions should not have been used to support Career Offender enhancement under U.S.S.G. § 4B1.1. Movant argues his defense counsel rendered ineffective assistance by failing to make this argument before the District Court.

This Court disagrees for two reasons. First, the Eleventh Circuit recently vacated *Jackson I* and replaced it with an opinion that reached the opposite conclusion. *See United States v. Jackson*, No. 21-13963, 2022 WL 17588240 (11th Cir. Dec. 13, 2022) ("*Jackson II*"). In *Jackson II*, the Eleventh Circuit reversed course and held that, in determining whether a state court drug conviction qualifies as a "serious drug offense" under ACCA, courts must look to the federal CSA schedules *as they existed at the time of the underlying state court conviction*, not as they existed at

8

the time of the immediate federal offense. *Id.* at *12-13. In contrast to *Jackson I*, the *Jackson II* case affirmed the ACCA-enhanced sentence. *Id.* at *13. Thus, to the extent *Jackson I* ever supported an analogy helpful to Movant's argument, *Jackson II* defeats the analogy.

Second, and more importantly, the *Jackson* cases dealt with ACCA, not with U.S.S.G. § 4B1.1. Prior to the *Jackson* cases, the Eleventh Circuit had already concluded that a Florida state court drug conviction qualifies as a "controlled substance offense" under the Career Offender provisions of U.S.S.G. § 4B1.1. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (finding that a violation of § 893.13(1), Fla. Stat. qualifies as a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1); *see also United States v. Pridgeon*, 853 F.3d 1192, 1197-98 (11th Cir. 2017) (following *Smith*, 775 F.3d 1262).

Moreover, in *United States v. Howard*, 767 F. App'x 779, 785 (11th Cir. 2019) (unpublished), the Eleventh Circuit also followed *Smith* and, in doing so, considered and rejected a variation of the argument raised here, namely, that Florida's drug laws "criminalize[] substances that are not federally controlled." *Id.* at 784. The court rejected that argument, pointing out that the guidelines' definition of "controlled substance offense" refers to both "federal or state law." *Id.* at 784 n.5 (citing U.S.S.G. § 4B1.2(b)). The court reasoned:

> We reject Howard's argument that "controlled substance" under § 4B1.2 refers only to those illegal substances that are federally controlled. Instead, § 4B1.2 explicitly refers to "controlled substance offense" as an "offense under federal or state law." U.S.S.G. § 4B1.2(b).

*Id.* at n.5. These cases foreclose the argument that Movant seeks to raise here.

Based on these Eleventh Circuit holdings, the Court finds Movant cannot establish either prong of the *Strickland* test. Defense counsel cannot be deemed deficient for failing to raise legal arguments foreclosed by binding caselaw. *See Chandler*, 240 F.3d at 917 (counsel not ineffective for failing to raise non-meritorious issues). Likewise, Movant cannot show a reasonable

probability that, had defense counsel raised these legal arguments, the result of the proceeding would have been different. The Motion should be denied on ground two.[3]

### III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Based on the foregoing, the undersigned **RECOMMENDS** as follows:

1. The Motion (DE 1) be **DENIED**.

2. Movant's request for an evidentiary hearing be **DENIED.** *See* 28 U.S.C. § 2255(b) (Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief....").

3. Further, the undersigned finds no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (a prisoner seeking to appeal a district court's final order denying habeas corpus relief has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability by meeting the *Slack* test). Therefore, a certificate of appealability should **NOT ISSUE.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

---

[3] As to grounds one and two, Movant also alleges ineffective assistance of counsel at the plea negotiation and appellate stages, presumably because the Plea Agreement included an appellate waiver that prevented him from appealing the sentencing guidelines issues. Given that Eleventh Circuit case law forecloses the arguments Movant presumably would have raised, the Court finds no ineffective assistance of counsel at the plea negotiation or appellate stages. *See Diaz v. Sec'y for the Dep't of Corrs.*, 402 F.3d 1136, 1145(11th Cir. 2005) ("[N]onmeritorious claims that are not raised on appeal do not constitute ineffective assistance of counsel."); *United States v. Gimeno*, Nos. CR-S-00-0018-KJD-RJJ, CV-S-03-910-KJD-RJJ, 2006 WL 2385402, at *7 (D. Nev. Aug. 17, 2006) (denying § 2255 motion based on allegation of ineffective assistance of counsel in connection with appeal waiver where the issues sought to be appealed were "unfounded and invalid").

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of December 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:   counsel of record; Movant, *pro se*.