UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81069-CIV-CANNON/McCabe
(CASE NO. 21-80026-CR-CANNON)

**EMILIO SANTIAGO,**

    Movant,

v.

**UNITED STATES OF AMERICA**

    Respondent.
_____/

**ORDER ACCEPTING REPORT OF MAGISTRATE JUDGE WITH ADDITIONS
AND DENYING MOTION TO VACATE**

**THIS CAUSE** comes before the Court upon the Report and Recommendation ("Report") [ECF No. 18] issued by Magistrate Judge Ryan M. McCabe, recommending denial of the Motion to Vacate filed by Emilio Santiago ("Movant") pursuant to 28 U.S.C. § 2255 [ECF No. 1].[1] Movant timely filed Objections to the Report (the "Objections") [ECF No. 23]. The Court has reviewed the Report [ECF No. 18], the Objections [ECF No. 23], and the full record. For the reasons set forth below, the Court **ACCEPTS** the Report as supplemented herein.

**I.    RELEVANT BACKGROUND**

In February 2021, a Southern District of Florida grand jury returned an indictment charging Movant with the following three drug-related offenses: (1) one count of conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vi) (Count 1); and (2) two counts of possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi) (Counts 3 and 5)

---

[1] Filings in the instant civil docket, 22-cv-81069, will be designated by [ECF], whereas filings in the underlying criminal case, 21-cr-80026, will be designated by [CR ECF].

[CR ECF No. 44]. Movant pled guilty to Count 1 pursuant to a written plea agreement and factual proffer [CR ECF No. 105].

Prior to sentencing, the Government filed a Notice of Filing Certified Convictions for purposes of supporting Movant's designation as a career offender under Section 4B1.1 of the United States Sentencing Guidelines [CR ECF No. 163]. The Notice cited the following three "controlled substance [predicate] offenses": (1) Movant's 2002 conviction for sale of cocaine, in Florida state case number 02-13898-CF, (2) Movant's 2001 conviction for sale of cocaine within 1,000 feet of a place of worship, in Florida case number 01-6895-CF, and (3) Movant's 2010 conviction for possession with intent to distribute heroin in Southern District of Florida case number 10-80098-CR [CR ECF No. 163 (and attachments)]. Defendant conceded in his sentencing memorandum that he qualified as a career offender, and he did not object to the Pre-Sentence Investigation Report designating him as such [CR ECF No. 150 ¶ 12; CR ECF No. 165 ¶¶ 99, 122; CR ECF No. 167 ¶¶ 13–15].

On October 25, 2021, the Court sentenced Movant to 240 months' imprisonment on Count 1 followed by five years' supervised release [CR ECF No. 174]. The sentence represented a downward variance from the uncontested advisory guideline range of 262 to 327 months' imprisonment established at sentencing [CR ECF No. 242 pp. 4, 16–17 (Tr. Sentencing)]. Consistent with the waiver of appellate rights in his plea agreement, Movant did not appeal his sentence [CR ECF No. 105 ¶ 8; CR ECF No. 243 pp. 16–19]. And the Government dismissed Counts 3 and 5 at sentencing [ECF No. 174; ECF No. 242 p. 18].

On July 21, 2022, Movant filed the instant timely Motion to Vacate [ECF No. 1]. The Motion advances the following two grounds for relief, both based on alleged ineffective assistance of counsel in connection with his designation as a career offender under the Sentencing Guidelines:

(1) The offense to which Movant pled guilty, Count 1, was not a "controlled substance offense" under U.S.S.G. § 4B1.1, making him ineligible for the career offender enhancement.

(2) Two of Movant's underlying state court convictions for cocaine-related offenses did not qualify as "controlled substance offense[s]" under U.S.S.G. § 4B1.1, rendering Movant ineligible for the career offender enhancement.

The Court referred the Motion to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 17]. On December 22, 2022, Judge McCabe issued the instant Report, recommending denial of the Motion [ECF No. 18]. Following the Report, the Eleventh Circuit decided *United States v. Dupree*, 57 F.4th 1269 (11th Cir. Jan. 18, 2023) (en banc), holding that the term "controlled substance offense" in Section 4B1.2(b) "unambiguously excludes inchoate offenses." *Id.* at 1277 (overruling *United States v. Smith*, 54 F.3d 690 (11th Cir. 1995)). Movant relies on *Dupree* in his Objections to the Report [ECF No. 23].

## II.   LEGAL STANDARDS

### A. Review of Report and Recommendation

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de

novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

### B. 28 U.S.C. § 2255

Pursuant to 28 U.S.C § 2255, a prisoner in federal custody may move the court that imposed a sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (internal quotation marks omitted).

To show ineffective assistance of counsel, a movant must satisfy a two-part test: (1) the movant must show that defense counsel's performance was deficient; and (2) the movant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, the movant must demonstrate that counsel's performance fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id*. at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

### III. DISCUSSION

**A. Ground I**

In Ground I, citing to the Eleventh Circuit's decision in *Dupree*, 57 F.4th at 1279, Movant challenges his trial counsel's decision at sentencing not to challenge Movant's designation as a career offender under U.S.S.G. § 4B1.1 [ECF No. 1-1 pp. 6–9]. More specifically, Movant argues that the offense to which he pled guilty (the "instant offense of conviction") is not a "controlled substance offense" following *Dupree*, thus rendering invalid his previously unobjected-to designation as a career-offender.

For a defendant to be classified as a career offender, "the instant offense [must be] a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. At the time Movant was sentenced on October 22, 2021 [CR ECF No. 174], binding Eleventh Circuit law dictated that Movant's instant offense, in this case, conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 (Count 1), qualified as a "controlled substance offense." *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995). No party challenged the "controlled substance" offense nature of Count 1 at sentencing [CR ECF No. 150 p. 3; CR ECF No. 165 ¶ 99; CR ECF No. 165-1 p. 1; CR ECF No. 167 p. 3].

In light of binding precedent in effect at Movant's sentencing, the Report recommends denial of Ground I [ECF No. 18 p. 6 (noting *Smith*)]. The Court accepts the conclusion in the Report after review of the matter *de novo* and consideration of Movant's objection based on *Dupree*. It is true that, if *Dupree* had been decided at the time of Movant's sentencing, Movant's "instant offense of conviction" (Count 1) would not have been deemed a "controlled substance offense'" in Section 4B1.2(b).[2] But *Dupree* was not the law at the time—*Smith* was—and under

---

[2] Judgment was entered against Movant on October 22, 2021, making his deadline to file a notice of appeal November 8, 2021. *See* Fed. R. Crim. P. 4(b)(1)(A)(i). The Eleventh Circuit's en banc decision in *Dupree* was issued on January 18, 2023, months after Movant's conviction became

5

*Smith*, Count 1 clearly qualified as a "controlled substance offense." *Smith*, 54 F.3d at 693. Movant's counsel cannot be deemed constitutionally ineffective for failing to object to a designation that was dictated by binding law at the time of the allegedly deficient performance [ECF No. 23 p. 3–4]. *See Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (internal quotation marks omitted)); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law."); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J. concurring) ("That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it.").

### B. Ground II

In Ground II, also on the subject of his career offender designation, Movant alleges that counsel performed deficiently because his 2001 and 2002 Florida state convictions for sale of cocaine, in violation of Fla. Stat. § 893.13(1),[3] purportedly do not qualify as "controlled substance offenses" following the Eleventh Circuit's now-vacated decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) [ECF No. 1-1 p. 12 (citing *Jackson*, 36 F.4th 1294, *vacated*, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), and *superseded*, 55 F.4th 846 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023))]. The Report concludes that Movant cannot meet either prong of the *Strickland* test on this ground because Eleventh Circuit law at the time of

---

final. 57 F.4th at 1269. *Dupree* is not retroactively applicable on collateral review. 28 U.S.C. § 2244(b)(2)(A). And under the recently promulgated version of the Sentencing Guidelines Manual, "inchoate offenses" are specifically included in the definition of "controlled substance offenses." U.S.S.G. § 4B1.2(d) (effective Nov. 1 2023).

[3] [ECF Nos. 163-1, 163-2; ECF No. 165 ¶ 99]

sentencing—and still now—clearly holds that violations of Fla. Stat. § 893.13(1) qualify as "controlled substance offenses" under Section 4B1.2(b) [ECF No. 18 pp. 8–9 (citing *United States v. Pridgeon*, 853 F.3d 1192, 1197–98 (11th Cir. 2017), and *United States v. Howard*, 767 F. App'x 779, 785 (11th Cir. 2019)].

For a defendant to qualify as a career offender under Section 4B1.1, he must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense," among other requirements. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense . . . .

U.S.S.G. § 4B1.2(b).

Reviewing the issue *de novo*, the Report correctly determines that Movant has not demonstrated deficient performance on the part of his counsel in acknowledging at sentencing what binding law dictated (and still dictates): that Movant's prior convictions for sale of cocaine counted as "controlled substance offenses" under § 4B1.2(b). As Movant essentially acknowledges in his Objections, any argument based on *Jackson I* no longer applies following the Eleventh Circuit's decision vacating *Jackson I* [ECF No. 23 p. 4]. *United States v. Jackson*, 55 F.4th 846, 861–62 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023). In any event, even if *Jackson I* remained in force, the Report accurately observes that *Jackson I* concerned the definition of the term "serious drug offense" in the Armed Career Criminal Act ("ACCA")—not the distinct definition of "controlled substance offense" in U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.4 cmt. n.1 ("It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender) . . . ."). Unlike the career offender provision in the

Sentencing Guidelines pursuant to which Movant was sentenced, the ACCA expressly incorporates the federal Controlled Substances Act ("CSA") in defining "serious drug offense." *Compare* 18 U.S.C. § 924(e)(2)(A)(i) (explaining that "serious drug offense" means *inter alia* "an offense under the [CSA]") *with* U.S.S.G. § 4B1.2(b). Accordingly, the rationale of *Jackson I* would not have operated to invalidate Movant's designation as a career offender pursuant to U.S.S.G. § 4B1.1. And the record is undisputed that Movant has two prior convictions for the sale of cocaine, in violation of Fla. Stat. § 893.13(1)(a) [CR ECF No. 165 ¶ 99; ECF Nos. 163-1, 163-2]. For these reasons, under Eleventh Circuit precedent at the time of sentencing (October 2021) and still now, a violation of Fla. Stat. § 893.13(1) qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.1. *See, e.g.*, *United States v. Pridgeon*, 853 F.3d 1192, 1197–98 (11th Cir. 2017); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014); *United States v. Agerton*, No. 22-10194, 2023 WL 5537057, at *5 (11th Cir. Aug. 29, 2023) (citing *United States v. Penn*, 63 F.4th 1305, 1317 (11th Cir. 2023)). Counsel was not ineffective for failing to challenge the use of Movant's cocaine-related convictions to support his career offender enhancement. *Singletary*, 36 F.3d at 1039; *Smith*, 775 F.3d at 1268.

### IV.  CERTIFICATE OF APPEALABILITY

A movant seeking to appeal a district court's final order denying his motion to vacate must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1)(B). The Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's assessment of Grounds I or II debatable or wrong.

CASE NO. 22-81069-CIV-CANNON/McCabe

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court **ACCEPTS** Magistrate Judge McCabe's Report and Recommendation [ECF No. 18] as supplemented herein following Movant's Objections.

2. No Certificate of Appealability shall issue.

3. Movant's Motion to Stay [ECF No. 21], Motion to Withdraw Motion to Stay [ECF No. 22], and Motion for Evidentiary Hearing and Motion to Appoint Counsel [ECF No. 24] are **DENIED** as moot.

4. An evidentiary hearing is not warranted on Grounds I or II. *See* 28 U.S.C. § 2255(b) (providing that no evidentiary hearing is required where "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief").

5. This Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 7th day of November 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

**Emilio Santiago**
73790-004
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 725
Edgefield, South Carolina 29824
PRO SE